UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,

Debtors.

ASHKAN RAJAEE,

Appellant,

v.

CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,

Appellee.

Case No.: 26-cv-3165-RSH-AHG
Bankruptcy No.: 24-00617-CL7

**ORDER DISMISSING APPEAL**

[ECF Nos. 7, 11]

Debtor-Appellant Ashkan Rajaee appeals from an April 22, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's motion seeking reconsideration of a February 24, 2026 order authorizing the Chapter 7 Trustee to abandon property of the bankruptcy estate to Mr. Rajaee and his spouse and co-debtor Nassim Rajaee. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"); *see also* Bankruptcy Case, Dkt. Nos. 922 (Apr. 22, 2026 Order on Debtor Ashkan Rajaee's Motion for Reconsideration of Order on Trustee's Notice of Proposed Abandonment of Property); 838 (Feb. 24, 2026 Order on Trustee's Notice of Proposed

Abandonment of Property) (the "Abandonment Order"). The merits of the appeal have been fully briefed. *See* ECF Nos. 15, 16, 17.

The following order also addresses Rajaee's motion to invalidate the Trustee's election to proceed in district court. ECF No. 11.

**I. BACKGROUND**

This is one of over twenty bankruptcy appeals that Mr. or Ms. Rajaee have taken from the same Bankruptcy Case, including:

(1) No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2) No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3) No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4) No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5) No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6) No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7) No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8) No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9) No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10) No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; affirmed on July 17, 2026)

(11) No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(12) No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(13) No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; pending)

(14) No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(15) No. 26-cv-3061-RSH-BJW (notice of appeal filed on May 6, 2026; pending)

(16) No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; pending)

(17) No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(18) No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(19) No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; pending)

(20) No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)

(21) No. 26-cv-3809-RSH-GC (notice of appeal filed May 13, 2026; dismissed on Aug. 18, 2026)

To date, none of these appeals has been successful.

Many of the foregoing proceedings involve duplicate appeals, in which Mr. and Ms. Rajaee each filed on the same day identical notices of appeal from the same Bankruptcy Court order. The instant appeal by Ashkan Rajaee is thus taken from the same Bankruptcy Court order as Nassim Rajaee's appeal in Case No. 26-cv-3162. *Compare* ECF No. 1 *with* Case No. 26-cv-3162, Dkt. No. 1 (separately appealing the same order).

Numerous appellate filings by Mr. and Ms. Rajaee refer to an earlier dispute that Mr. Rajaee had with Tyler Davis, a former business partner at TopDevz, LLC ("TopDevz"), over ownership of TopDevz. *See generally Rajaee v. Davis*, Case No. 24-cv-1 (S.D. Cal.), Dkt. No. 138 (background discussion in Apr. 11, 2024 order dismissing case) at 1–6. In 2021, Mr. Rajaee initiated an arbitration proceeding against Davis, which resulted in an arbitration award against Mr. Rajaee. On August 15, 2023, the San Diego Superior Court

entered judgment confirming the award. Mr. Rajaee appealed to the California Court of Appeal. Additionally, on January 2, 2024, he brought a civil lawsuit in this Court seeking to undo the arbitration award. *See* Case No. 24-cv-1 (S.D. Cal.), Dkt. No. 1. On April 11, 2024, this Court dismissed that lawsuit for lack of jurisdiction under the *Rooker-Feldman* doctrine, which applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

On February 26, 2024, Mr. and Ms. Rajaee filed for Chapter 11 bankruptcy. *See* Bankruptcy Case, Dkt. No. 1. On May 9, 2024, the Bankruptcy Court entered an order converting the case to Chapter 7 and appointing Christopher R. Barclay as Trustee. *See* Bankruptcy Case, Dkt. No. 37. Neither debtor timely appealed the conversion order, but Mr. Rajaee ultimately filed an untimely motion to reconsider the conversion order, and then appealed to this Court the Bankruptcy Court's denial of that motion to reconsider. *See* Bankruptcy Court, Dkt. Nos. 176, 236. On October 31, 2025, this Court affirmed. *See* Case No. 25-cv-667, Dkt. No. 23. Mr. Rajaee has further appealed to the U.S. Court of Appeals for the Ninth Circuit, and that appeal remains pending.

The Rajaees' bankruptcy appeals frequently refer to and/or seek to invalidate the arbitration award and San Diego Superior Court judgment that were entered against Mr. Rajaee, as well as the Bankruptcy Court's conversion order.

## II. STANDING

The Trustee's merits brief challenges Mr. Rajaee's standing to bring this appeal. *See* ECF No. 16 at 11–12. "Under th[e] prudential standing doctrine, only a 'person aggrieved,' that is, someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order, has standing to appeal that order." *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983)). "An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy

standing purposes." *Id.* The party invoking appellate jurisdiction bears the burden of demonstrating prudential standing. *In re Benham*, 220 F. Supp. 3d 1033, 1039 (C.D. Cal. 2016); *accord In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 872 (D.C. Cir. 2014) ("As in other jurisdictional contexts, the party invoking appellate jurisdiction to review a bankruptcy court order has the burden of demonstrating prudential standing.") (citing *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001)).

On August 26, 2026, this Court dismissed for lack of standing the appeal of Mr. Rajaee's co-debtor spouse, an appeal directed to the same Bankruptcy Court order as the instant appeal. *See* Case No. 26-cv-3162, Dkt. No. 14 (Aug. 26, 2026 order of dismissal). As this Court's dismissal order noted, fundamentally, the Abandonment Order approved the *return* of asserts to the Rajaees, rather than directly and adversely affecting the Rajaees in a pecuniary manner. *See id.* at 9–10.

Mr. Rajaee's reply brief argues that the dismissal of his wife's appeal "did not decide his appeal." ECF No. 17 at 12. This is true, but Mr. Rajaee fares no better than his spouse in establishing that he has suffered direct and adverse pecuniary harm. Mr. Rajaee argues that "[t]he Trustee obtained abandonment by representing that collection or litigation costs could exceed recovery and that preservation was burdensome," and Rajaee contends that "[t]hose asserted burdens did not disappear when the assets were transferred." ECF No. 17 at 13. But this generalized reference to arguments made by the Trustee does not suffice to meet Mr. Rajaee's present burden to establish that he is directly and adversely affected pecuniarily by the Abandonment Order or the denial of reconsideration of that order.

Indeed, Mr. Rajaee's briefing makes clear that this appeal has nothing whatsoever to do with the Abandonment Order. Mr. Rajaee's grievance instead relates to alleged errors in (1) the Bankruptcy Court's conversion of the case to Chapter 7; and (2) the San Diego Superior Court judgment entered prior to his bankruptcy filing. *See* ECF No. 15 at 33 ("The Bankruptcy Conversion and derivative Chapter 7 orders are void for a total want of personal jurisdiction over TopDevz"); 36 ("San Diego judgment is void for the same reasons Bankruptcy Conversion is void"). Mr. Rajaee's view is that *every* order in the

Bankruptcy Case entered after conversion of the case to Chapter 7 has been "void," for reasons having nothing to do with the orders themselves—but instead because they post-date the conversion order. *See id.* at 16 ("It follows that every Chapter 7 order in this case is derivative of the conversion order and of the fraud on the court that procured it."). Mr. Rajaee's opening brief accordingly explains his theory of standing as follows: "his injury occurred when the Conversion Order stripped him of existing statutory powers and transferred estate-control authority to the Chapter 7 trustee, and a favorable decision reversing the denial of relief from that order would remove the operative legal source of the deprivation." *Id.* at 28. Put another way, Mr. Rajaee contends he has standing to appeal the Bankruptcy Court's Abandonment Order—even if that order was favorable to him—because he can use any appeal to collaterally attack the conversion order.

But this Court has already affirmed the Bankruptcy Court's denial of Rajaee's motion to reconsider the conversion order. *See* Case No. 25-cv-667, Dkt. No. 23 (Oct. 31, 2025 order of affirmance). Mr. Rajaee may not use this appeal of an unrelated court order to again seek to undo the conversion order. Mr. Rajaee's instant appeal is unrelated to any injury arising from the transfer of estate property to him and his wife, and instead reflects his repetitive efforts to re-litigate past defeats. He has failed to establish prudential standing to challenge the Abandonment Order or the denial of his motion to reconsider that order.

## III. MOTION TO DETERMINE INVALIDITY OF TRUSTEE'S ELECTION

On July 2, 2026, Mr. Rajaee filed a filed a motion for an order determining that the Chapter 7 Trustee's election to proceed with this appeal in district court is invalid, and transferring this appeal to the U.S. Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit. ECF No. 11 at 18.

Mr. Rajaee's motion is meritless. There is no dispute that a party to a bankruptcy appeal may timely elect to have an appeal heard by the district court rather than a BAP. *See* Fed. R. Bankr. P. 8005(a). Mr. Rajaee does not contest that the Trustee, who is clearly a party to this appeal, timely made such an election. Mr. Rajaee's argument is that the Trustee's election is somehow ineffective because the conversion order derived its efficacy

from the San Diego Superior Court judgment that Mr. Rajaee disputes as erroneous: "[The Trustee's] status is derivative. It exists only because the case was converted from Chapter 11 to Chapter 7. The conversion, in turn, arose from Davis and TopDevz's asserted standing as putative judgment creditors under the San Diego judgment." ECF No. 11 at 13.

As discussed above, Rajaee did not timely appeal the conversion order, and this Court has already affirmed the Bankruptcy Court's denial of Rajaee's motion to reconsider that conversion order. Rajaee provides no authority that he may now use a Fed. R. Bankr. P. 8005(c) motion to revisit that prior order.

## III. CONCLUSION

The appeal is **DISMISSED** for lack of standing.

Rajaee's motion to determine validity of election [ECF No. 11] is **DENIED**.[1]

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Hon. Robert S. Huie
United States District Judge

[1] Rajaee's motion for a hearing date on his motion to determine validity of election [ECF No. 7] is also **DENIED** as moot.